

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W.S. Bussey, Chief
Weights & Measures Division
Department of Agriculture
Austin, Texas

Dear Sir:

> Opinion No. 0-1147
> Re: Application of Article 5680,
> Revised Civil Statutes, to
> Gosho Concentration and Com-
> press Company.

Your request for an opinion of this department as to whether the weigher of the Gosho Concentration and Compress Company, Galveston, Texas, must comply with the provisions of Article 5680, Revised Civil Statutes of Texas, has been received by this department.

Article 5680, Revised Civil Statutes of Texas, reads as follows:

> "Any person engaged in the bus-iness of public weighing for hire, or any person, who shall weigh or measure any commodity, produce or article, and issues therefor a weight certificate or weight sheet, which shall be accept-ed as the accurate weight upon which the purchase or sale of such commodity, produce or article is based, shall be known as a Public Weigher, and shall comply with the provisions of this chapter. The provisions of this arti-cle shall not apply to the owner, man-ager, agent or employees of any com-press or any public warehouse in their operation as a warehouseman. This

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. W.S. Bussey, Page 2

exemption shall not apply in any man-
ner to any Texas port."

We call your attention to the first
sentence of the above statute, the latter portion
of which, says "which shall be accepted as the
accurate weight upon which the purchase or sale
of such commodity, produce or article is based."
That language indicates to us that the Legisla-
ture was trying to protect the buying public
from inaccurate and false weights which were the
basis of sale of commodities, produce or other
articles.

The correspondence enclosed with your
letter reveals that the Goshe Concentration and
Compress Company is a company's company designed
for the purpose of storing and handling the cot-
ton products of the Goshe Cotton Company in Gal-
veston, Texas.

While the cotton may be weighed be-
fore entering the warehouse there, it is not ne-
cessarily so and no particular price is had for
the weighing of the cotton when received at the
warehouse. Your letter further states that the
weight sheet, if any, made by the person weigh-
ing the cotton there in the warehouse is not at
any time used as the weight basis for the sale
of this cotton. The correspondence enclosed in-
forms us that a sale of this cotton is made on
the basis of mutual weight ascertained at desti-
nation. Under the facts that we have the weight
sheet, if any, made at the Goshe Concentration
and Compress Company does not serve as an accurate
weight upon which the purchase or sale of such
commodity is made. In our opinion the weigher in
question is not a public weigher within the mean-
ing of the statute or the intention of the Legis-
lature.

In this instance we believe there is

Hon. W.S. Bussey, Page 3

no evasion of Article 5680, Revised Civil stat-
utes, and that article does not require that
the person employed on a salary basis to weigh
the cotton at the Geahs Concentration and Com-
press Company is such a person as is included
under the terms of the above statute, and is
therefore not required to post a bond or meet
with the other requirements of that Article.

We trust that this answers your in-
quiry in this particular instance.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Morris Hodges.*
Morris Hodges
Assistant

APPROVED JUL 28, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN